UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LOBDELL,

                Plaintiff,

                                            CIVIL CASE NO. 06-10948

v.

MASTERBRAND CABINETS, INC.,          HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT
                Defendant.
_____/

## ORDER OVERRULING DEFENDANT'S OBJECTION AND ACCEPTING THE REPORT AND RECOMMENDATION

Before the Court are Plaintiff's motion for partial summary judgment, Defendant's motion for summary judgment, and the Report and Recommendation ("R&R") of United States Magistrate Judge Donald A. Scheer. In his Report and Recommendation, the Magistrate Judge recommended that the Court grant Plaintiff's motion on the issue of duty only, deny Plaintiff's motion on the issues of breach and causation, and deny Defendant's motion in its entirety. Defendant subsequently filed an objection to the Report and Recommendation. For the reasons below, the Court overrules Defendant's objection and accepts the Report and Recommendation as the opinion of this Court.

### I. Legal Standard

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which

states, in relevant part:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Here, because Defendant filed an objection, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**II. Analysis**

This is a negligence case founded on federal diversity jurisdiction. Plaintiff, a truck driver, started this case against Defendant after Plaintiff was hit on the head and injured by a falling, unsecured box in Plaintiff's trailer. Defendant had been responsible for loading the cargo into Plaintiff's trailer earlier. Plaintiff alleges that Defendant was negligent in loading the cargo, leading to Plaintiff's injury.

For a claim of negligence, a plaintiff must establish four elements: "that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the defendant's breach caused the plaintiff's harm . . .; and (4) damages to the plaintiff. *Hunley v. DuPont Automotive*, 341 F.3d 491, 496 (6th Cir. 2003). Both parties filed cross-motions for summary judgment, arguing that there were no genuine issues of material fact and that some of the elements of a *prima facie* case of negligence were established or failed as a matter of law.

In his Report and Recommendation, the Magistrate Judge found that Plaintiff was entitled to summary judgment on only the first element of negligence, duty. In particular, the Magistrate Judge found that Defendant "undertook sole responsibility for the loading of its products into Plaintiff's trailer" and by doing so, Defendant owed Plaintiff a duty of care. Report and Recommendation, Feb. 29, 2008, p.13 [docket entry #39]. The Magistrate Judge found that on the other elements of negligence, both parties had failed to show that they were entitled to summary judgment as a matter of law.

Defendant now objects to the portion of the Report and Recommendation concerning the first element of duty. Defendant argues not only that there is a genuine issue of material fact as to whether Defendant owed Plaintiff a duty, but that even when considering the facts in the light most favorable to the nonmoving party, Plaintiff cannot establish that Defendant owed Plaintiff a duty. Accordingly, Defendant argues that it is entitled to summary judgment on this issue of duty.

The general rule for duty cited by the Magistrate Judge and by both parties is the following:

> When the shipper assumes the responsibility of loading, the general rule is that he becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper.

*United States v. Savage Truck Line, Inc.*, 209 F.2d 442, 445 (4th Cir. 1953). In this case, shipper

Defendant concedes that it had the exclusive control of the trailer when it loaded the trailer with cargo. Defendant argues, instead, that Plaintiff had three separate stops before his injury, and that at each stop, Plaintiff unloaded, reloaded, and restacked the cargo. Defendant contends that these actions by Plaintiff, therefore, negate a duty to Plaintiff because Defendant did not retain exclusive control over the stacking of the cargo.

The Court disagrees with Defendant's argument. It is undisputed that Defendant assumed the sole responsibility for loading the shipment and in so doing, incurred a duty of care to Plaintiff to first stack the cargo in a proper manner. The Magistrate Judge correctly found that any subsequent actions by Plaintiff of unloading and reloading portions of the cargo may affect the elements of breach and causation in a negligence case, but do not relieve Defendant of a duty to Plaintiff.

Defendant also argues that it would only have a duty to Plaintiff for any latent defects in the stacking of the cargo, that is, defects which are concealed and not discoverable by a reasonable inspection. Defendant argues that a jury could determine from the evidence that a reasonable inspection after Plaintiff's third stop would have revealed alleged defects in the stacking of the cargo.

The Court disagrees with Defendant. When considering the facts in the light most favorable to the nonmoving Defendant, there is not sufficient evidence indicating that improper loading was apparent to Plaintiff. The cargo filled the entire length of the trailer and was stacked from top to bottom and from side to side. Though Plaintiff noted that some of the boxes appeared to be out of sequence when he first observed the loaded trailer, there is no evidence that there were apparent defects in the stacking. Consequently, as a matter of law, Defendant had a duty of care to Plaintiff.

Of course, whether that duty was breached by Defendant and whether the breach was a cause of Plaintiff's injury are questions appropriate for the jury.

### III. Conclusion

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, Defendant's objection, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Defendant's objection [docket entry #40] to the Report and Recommendation is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #39] is **ACCEPTED and ADOPTED** as the opinion of this Court. Consequently, **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry #29] is **DENIED**; and that Plaintiff's motion for partial summary judgment [docket entry #27] is **GRANTED** with respect to the issue of duty, but **DENIED** in all other respects.

**SO ORDERED.**

Dated: May 29, 2008
s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on May 29, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
   Jeffrey S. Beck; Joseph F. Lucas; Robert W. Morgan; Stephen T. Snabb, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                           .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845